**EXHIBIT A - 2**

**EXHIBIT A - 2**

EFILED Document
CO Huerfano County District Court 3rd JD
Filing Date: Mar  5 2012 11:49PM MST
Filing ID: 42890566
Review Clerk: Lorraine A Lucero

| | |
|---|---|
| DISTRICT COURT, HUERFANO COUNTY, STATE OF COLORADO<br>401 Main Street, Suite 304<br>Walsenburg, Colorado 81089<br>Phone: (719) 738-1040 Fax: (719) 738-1267<br><br>**Plaintiff:**<br><br>RAYMOND MONTOYA,<br><br>v.<br><br>**Defendants:**<br><br>BRUCE NEWMAN, in his official capacity at the Sheriff of Huerfano County Jail;<br>LARRY GARBISO;<br>DOE #1-2, detention officer at Huerfano County Jail;<br>DOE #1-2, medical staff member at Huerfano County Jail; and<br>DR. NESS. | ▲COURT USE ONLY ▲ |
| Counsel for Plaintiff:<br><br>Lonn M. Heymann #34793<br>Raymond K. Bryant #42586<br>Lonn Heymann Law Firm, P.C.<br>1391 Speer. Blvd. Ste. 550<br>Denver, CO 80204<br>Phone: (303) 825-9100<br>Fax: (303) 416-4264 | Case No.:<br><br><br>Courtroom/Division: |
| **COMPLAINT FOR DAMAGES – JURY TRIAL DEMANDED** | |

Plaintiff, Raymond Montoya, by and through his attorneys, Lonn M. Heymann

and Raymond K. Bryant of LONN HEYMANN LAW FIRM, P.C., for his Complaint for

Damages – Jury Trial Demanded against Defendants states and alleges as follows:

**INTRODUCTION**

1

1. This is a personal injury action by Plaintiff Raymond Montoya (herein "Mr. Montoya") for injuries suffered while incarcerated in the Huerfano County Jail when jail guards and medical staff ignored his complaints about being gravely ill prior to his transport from Huerfano County jail on March 10, 2011. During the period of his incarceration leading up to his transport from Huerfano County Jail on March 10, 2011, Mr. Montoya became gravely ill. Mr. Montoya complained of pain and submitted medical kites, and eventually started to spit up blood and verbally plead for help. Jail guards, supervisors, and other staff members largely ignored Mr. Montoya's requests for medical care, even as his conditional obviously advanced. On information and belief, Mr. Montoya was given only ibuprofen near the time that he was transported on March 10, 2011. As the illness progressed, Mr. Montoya suffered from methicillin-resistant Staphylococcus, pneumonia, acute respiratory failure, and severe sepsis; yet no one would help him.

2. Finally, on March 10, 2011, while Mr. Montoya was being transported out of the facility to community corrections, a transport officer recognized that Mr. Montoya was in dire need of medical help. The transport officer took Mr. Montoya to a hospital for treatment. By that late hour, Mr. Montoya was teetering on the brink of death. Mr. Montoya had to be airlifted to another hospital's ICU where he was treated for approximately two weeks. Mr. Montoya overcame stark odds and was released from medical care, but Mr. Montoya's life was dramatically altered. Mr. Montoya's disabilities from the ordeal prevented him from working as a mechanic. Mr. Montoya suffered from severe pain and suffering, emotional distress, and medical bills for intensive care that

exceed $250,000.00.

3.  Mr. Montoya seeks compensation for the injuries he suffered while the jail staff ignored his pleas for help, including disabilities, lost-wages, medical care, and other damages and injuries needlessly caused by the Walsenburg County Jail's detention and medical staff members' reckless failure to provide safe conditions and to provide rudimentary medical care to Mr. Montoya as he became helpless in their custody and care.

## JURISDICTION AND VENUE

4.  This action arises under the laws of Colorado, with damages exceeding the jurisdictional amount for District Court.

5.  Venue is proper in Huerfano County, State of Colorado, because the incidents and resultant injuries to the Plaintiff giving rise to this action occurred in Huerfano County, Colorado, in the City of Walsenburg.

## PARTIES

6.  Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs l through 5 of this Complaint.

7.  Plaintiff Raymond Montoya was at all times relevant to the claims set forth herein a resident of the State of Colorado, Huerfano County.

8.  Defendant Bruce Newman was at all times relevant to the allegations in this complaint the duly elected Sheriff of the Huerfano County and its jailer, responsible for the conditions of the jail and medical care provided to inmates. Sheriff Newman was

at all relevant times acting within the scope of his duties and employment as a law enforcement officer. He is herein identified in his official capacity as the duly elected Sheriff of Huerfano County.

9. Defendant Larry Garbiso was, at all times relevant to the subject matter of this complaint, acting within the duties and scope of his employment as a law enforcement officer or jail guard at the Huerfano County jail, acting as an agent of Sheriff Newman.

10. John and Jane Doe individual detention or medical staff saw, discussed, or otherwise knew of and failed to avoid the unreasonably dangerous conditions that caused Mr. Montoya's illness or knew of Mr. Montoya's medical condition but negligently or recklessly failed to summon medical care to help him are employees or agents of the Huerfano County jail and are not known by name at this time. Upon information and belief, these individuals acted within the duties and scope of their employment.

11. Dr. Ness is a medical doctor employed by the Huerfano County jail or its agent. Dr. Ness is believed to have been responsible, in whole or in part, for the medical care of detainees at the Huerfano County jail, including Mr. Montoya, but failed to provide reasonable medical care to Mr. Montoya. Upon information and belief, Dr. Ness was acting within the duties and scope of his employment and is herein identified in his individual capacity.

12. All conditions precedent under the Colorado Governmental Immunity Act having been met, as Sheriff Bruce Newman, in his official capacity as the Huerfano County Sheriff's Department, is a governmental sub-entity in the State of Colorado.

13. Certification regarding medical negligence will be obtained within the time required by Colorado law.

## FACTUAL BACKGROUND

14. Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs l through 13 of this Complaint.

15. In March, 2011, Plaintiff was confined in the Huerfano County jail.

16. While incarcerated in the Huerfano County jail, Mr. Montoya became gravely ill.

17. Mr. Montoya suffered from extreme pain. Eventually, he balled-up in the corner of his cell, remained in his cell "sick," appearing pale and at times yellow in complexion, urinated dark-colored fluid, and coughed up blood.

18. As his detention continued, Mr. Montoya complained of pain and other symptoms to jail guards, submitted medical kites requesting medical aid, and verbally pleaded for help.

19. Mr. Montoya specifically complained to and submitted kites to Larry Garbiso.

20. Several other inmates in nearby cells recognized Mr. Montoya's severe condition and also complained of his illness.

21. Despite Mr. Montoya's repeated requests, Mr. Montoya was not given medical care other than, on information and belief, ibuprofen.

22. Mr. Montoya suffered in a severely ill condition for approximately five to

seven days.

23. Mr. Montoya became significantly more ill because he was not treated for his medical condition.

24. On March 10, 2011, while Mr. Montoya was being transported out of the Huerfano County jail, someone outside of the facility recognized that Mr. Montoya was gravely ill.

25. Mr. Montoya was immediately redirected to the Emergency Department at the San Luis Valley Regional Medical Center in Alamosa, Colorado.

26. Mr. Montoya was diagnosed with severe respiratory failure and methicillin-resistant Staphylococcus.

27. Mr. Montoya was then airlifted to St. Mary-Corwin Medical Center in Pueblo via Flight for Life.

28. Mr. Montoya was eventually diagnosed with methicillin-resistant Staphylococcus aures bacteremia, cavitary pneumonia, acute respiratory failure, and severe sepsis.

29. Mr. Montoya was treated in St. Mary-Corwin Medical Center for more than two weeks. Overcoming incredible odds, Mr. Montoya eventually recovered form the illness, but still suffers from disabilities related to having suffered from the illnesses.

29. The incident caused Mr. Montoya severe pain and suffering, disability, physical impairment, emotional distress, loss of sport, loss of consortium, loss of enjoyment of life, economic injuries including significant medical costs and lost wages, inconvenience and other costs and expenses.

## FIRST CLAIM FOR RELIEF
*Common Law and Professional Negligence and Respondeat Superior–*
**Negligent Operation of Jail Facility and Negligent Failure to Provide Medical Care**
**(Against all Defendants)**

30. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs 1 through 29 of this Complaint.

31. Defendant Sheriff Bruce Newman, as Sheriff of the Huerfano County jail, has breached his duty of reasonable care owed to Plaintiff by negligently operating the jail and failing to provide safe conditions for Plaintiff Mr. Montoya.

32. Defendants Mr. Newman and Dr. Ness failed to take reasonable precautions to keep the jail facility free of infection, disease, and conditions that contribute unnecessarily to the illness of those confined in the jail.

33. Once Mr. Montoya became ill, Mr. Newman and Dr. Ness failed to act in accordance with an appropriate standard of care to treat Mr. Montoya or otherwise provide Mr. Montoya with appropriate medical care.

34. As the direct and proximate result of Defendants actions and omissions to act in accordance with an appropriate standards of care and established Colorado corrections standards, Mr. Montoya became ill while at the facility, with a life-threating illness that was bore or harbored at the jail facility.

35. As a further direct and proximate result of Defendants' actions and omissions to act in accordance with the proper standards of care and established Colorado corrections standards, Mr. Montoya has suffered injuries including but not limited to illness, pain and suffering, medical costs, disability, lost wages, inconvenience, emotional

stress and impairment of the quality of life, loss of companionship, and other damages listed above, and will in the future continue to incur these losses which are believed to be long-lasting and/or permanent in nature.

**SECOND CLAIM FOR RELIEF**
*Negligent Training and Supervision*
**(Against Sheriff Bruce Newman and Dr. Ness)**

36. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs 1 through 35 of this Complaint.

37. Defendant Sheriff Bruce Newman, as Sheriff of the Huerfano County jail, has breached his duty of reasonable care owed to Plaintiff by negligently failing to train and supervise the detention and medical staff.

38. Defendants Sheriff Newman and Dr. Ness failed to take reasonable precautions to train and supervise the detention and medical staff to keep the jail facility free of infection, disease, and conditions that contribute unnecessarily to the illness of those confined in the jail.

39. Once Mr. Montoya became ill, Sheriff Newman and Dr. Ness failed as supervisors to act in accordance with an appropriate standard of care to treat Mr. Montoya or otherwise provide Mr. Montoya with appropriate medical care.

40. As the direct and proximate result of Defendants' actions and omissions to act in accordance with an appropriate standards of care and established Colorado corrections training and supervision standards, Mr. Montoya became ill while at the facility, with a life-threating illness that was bore or harbored at the jail facility, and to

train and supervise detention and medical staff to act in accordance with an appropriate standard of care to treat Mr. Montoya or otherwise provide Mr. Montoya with appropriate medical care.

41. As a further direct and proximate result of Defendants' actions and omissions to act in accordance with the proper standards of care and established Colorado corrections standards, Mr. Montoya has suffered injuries including but not limited to illness, pain and suffering, medical costs, disability, lost wages, inconvenience, emotional stress and impairment of the quality of life, loss of companionship, and other damages listed above, and will in the future continue to incur these losses which are believed to be long-lasting and/or permanent in nature.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendants for compensatory damages, as referenced above, for costs as allowed by statute or as otherwise allowed by law, and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON
ALL ISSUES SO TRIABLE.**

Respectfully submitted this 5th day of February, 2012.

LONN HEYMANN LAW FIRM, P.C.

*s/ Lonn M. Heymann*
Lonn M. Heymann #34792
Raymond K. Bryant #42586
Lonn Heymann Law Firm, P.C.
1391 Speer Blvd., Suite 550
Denver, CO 80204

9

        P:  303-825-9100
        Raymond@HeymannLegal.com
        Lonn@HeymannLegal.com

Plaintiff's Address:
813 Kansas Avenue
Walsenburg, CO 81089

10