EXHIBIT A - 13

EXHIBIT A - 13

EFILED Document
CO Huerfano County District Court 3rd JD
Filing Date: Aug  6 2012  3:26PM MDT
Filing ID: 45745800
Review Clerk: Lorraine A Lucero

| | |
|---|---|
| DISTRICT COURT, HUERFANO COUNTY, STATE OF COLORADO<br>401 Main Street, Suite 304<br>Walsenburg, Colorado 81089<br>Phone: (719) 738-1040 Fax: (719) 738-1267 | |
| **Plaintiff:**<br><br>RAYMOND MONTOYA,<br><br>v.<br><br>**Defendants:**<br><br>BRUCE NEWMAN, in his official capacity at the Sheriff of Huerfano County Jail;<br>LARRY GARBISO;<br>DOE #1-2, detention officer at Huerfano County Jail;<br>DOE #1-2, medical staff member at Huerfano County Jail; and<br>DR. NEECE. | ▲COURT USE ONLY ▲ |
| Counsel for Plaintiff:<br><br>Lonn M. Heymann #34793<br>Raymond K. Bryant #42586<br>Lonn Heymann Law Firm, P.C.<br>1391 Speer. Blvd. Ste. 550<br>Denver, CO 80204<br>Phone: (303) 825-9100<br>Fax: (303) 416-4264 | Case No.:<br><br>Courtroom/Division: |
| **AMENDED COMPLAINT FOR DAMAGES – JURY TRIAL DEMANDED** | |

Plaintiff, Raymond Montoya, by and through his attorney, Raymond K. Bryant, of

LONN HEYMANN LAW FIRM, P.C., pursuant to C.R.C.P. 15(a), as a matter of course

with regard to Defendants Newman, Garbiso and Doe(s), and with consent of adverse

1

party with regard to Defendant Neece, hereby amends his complaint allegations as follows:

## INTRODUCTION

1. This is a civil rights and negligence action for violations of Plaintiff's Eighth and Fourteenth Amendment rights while he was incarcerated in the Huerfano County Jail on or about the week preceding March 10, 2011 and jail guards, medical staff and others ignored his complaints about being gravely ill. In early March 2010, Mr. Montoya was confined in Huerfano County Jail; a facility known to harbor dangerous disease that regularly afflicted inmates. While incarcerated, Mr. Montoya became gravely ill. Mr. Montoya complained of pain, spit up blood, exhibited other symptoms of serious illness, submitted medical requests and verbally pleaded for help. Jail guards, supervisors, and other staff members largely ignored Mr. Montoya's requests for medical care – Mr. Montoya was given only ibuprofen. Mr. Montoya suffered from methicillin-resistant staphylococcus, pneumonia, acute respiratory failure, and severe sepsis; yet no one would treat his serious medical condition.

2. Finally, on March 10, 2011, while Mr. Montoya was being transported out of the facility, a transport officer recognized that Mr. Montoya was in dire need of medical help. The transport officer took Mr. Montoya to a hospital for treatment. By that late hour, Mr. Montoya was teetering on the brink of death. Mr. Montoya had to be airlifted to another hospital's ICU, where he was treated for approximately two weeks. Mr. Montoya overcame stark odds and eventually recovered from the illness. However, Mr. Montoya's life was dramatically altered. Mr. Montoya's disabilities from the ordeal

prevented him from working as a mechanic. Mr. Montoya suffered from severe pain and suffering, emotional distress, and medical bills for intensive care that reached approximately $250,000.

3. Mr. Montoya seeks compensation for the injuries he suffered while the jail staff ignored his pleas for help, including pain and suffering, disabilities, lost-wages, medical care, and other damages and injuries needlessly caused by the City and staff's deliberate failure to take rudimentary medical care of Mr. Montoya while he remained helpless in the custody and care of the Huerfano County jail.

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, and 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the District of Colorado, because the incidents and resultant injuries to the Plaintiff giving rise to this action occurred in the City and County of Broomfield, Colorado.

## PARTIES

6. Plaintiff incorporates paragraphs 1 through 5 herein by reference.

7. Plaintiff Raymond Montoya was at all times relevant to the claims set forth herein a resident of the State of Colorado.

8. Defendant Bruce Newman is the Sheriff of the Huerfano County Jail and is responsible for the medical care and conditions of the jail. Sheriff Newman was at all relevant times a law enforcement officer and acting under color of law. He is hereby identified in his official capacity.

9. Defendant Larry Garbiso was, at all times relevant to the subject matter of this complaint, employed as a police officer or jail guard at the Huerfano County jail by Sheriff Newman. At all relevant times he was acting under color of state law as an agent of, and within the scope of employment for, Sheriff Newman. Mr. Garbiso is hereby identified in his individual capacity.

10. John and Jane Doe are individual detention and medical staff who saw, discussed, or otherwise knew of Mr. Montoya's medical condition but deliberately and recklessly failed to summon medical care to help him. Upon information and belief, these individuals acted under color of law, are employees of the Huerfano County jail, and are not known by name at this time. These Defendants are hereby identified in their individual capacities.

11. Dr. Charles Neece is a medical doctor employed by the Huerfano County jail. Dr. Neece is believed to have been responsible for the medical care of detainees at the Huerfano County jail, including Mr. Montoya. Upon information and belief, Dr. Neece was acting under color of law, and as a medical doctor, and is hereby identified in his individual capacity.

12. All Defendants are persons as defined by 42 U.S.C. § 1983.

**FACTUAL BACKGROUND**

13. Plaintiff incorporates paragraphs 1 through 11 herein by reference.

14. In early March, 2011, Plaintiff was confined in the Huerfano County jail.

15. At that time, the Huerfano County jail was known to harbor disease that

regularly afflicted inmates.

16. The Defendant Sheriff Newman and his employees, including Dr. Neece, had information or otherwise knew that the facility was known to harbor disease that regularly afflicted inmates.

17. Inmates at the jail complained of the unsanitary conditions, including mold on the walls, dampness, uncleanliness, regularly occurring sickness and other factors that contributed or illustrated the dangerous health condition in the facility.

18. Inmates at the jail became ill with the same or similar illnesses, which were harbored and spread throughout the facility.

19. Inmates at the jail complained and requested medical care verbally and via written requests to jail guards, including Mr. Garbiso, and to medical staff, including Dr. Neece.

20. Despite having been given notice and information from various sources about the dangerous health conditions of the jail, Sheriff Newman, jail employees and Dr. Neece, did nothing to cure the health hazards that were endangering the inmates. The Defendants deliberately ignored the dangerous condition(s) and the medical dangers to those who were or could be afflicted.

21. While incarcerated in the Huerfano County jail, Mr. Montoya became gravely ill with the same or similar disease that other inmates had been afflicted with and which had been harbored by the jail.

22. Mr. Montoya suffered from extreme pain. He balled-up in the corner of his cell, remained in his cell "sick," appeared pale and at times yellow in complexion,

urinated dark-colored fluid, had difficulty breathing and coughed up blood.

23. Mr. Montoya complained of pain and his other symptoms to jail guards, submitted medical kites requesting medical aid, and verbally pleaded for help.

24. Mr. Montoya specifically complained to and submitted kites to Larry Garbiso and Dr. Neece.

25. Larry Garbiso recognized Mr. Montoya's requests for medical care and complaints indicating that medical aid should be provided, but affirmatively refused to provide or obtain medical help for Mr. Montoya. In affirmatively and recklessly refusing Mr. Montoya medical care, Mr. Garbiso made several statements, including "you look fine to me."

26. Several other inmates in nearby cells and family members who visited Mr. Montoya recognized Mr. Montoya's severe condition and also complained of his illness.

27. Despite Mr. Montoya's and other persons' repeated requests, Mr. Montoya was not given medical care other than ibuprofen.

28. Mr. Montoya suffered in a severely ill condition for five to seven (5-7) days.

29. Mr. Montoya became significantly more ill because he was not treated for his medical condition.

30. On March 10, 2011, while Mr. Montoya was being transported out of the Huerfano County jail, someone outside of the facility recognized that Mr. Montoya was gravely ill.

31. Mr. Montoya was immediately redirected to the Emergency Department at

the San Luis Valley Regional Medical Center in Alamosa, Colorado.

32. Mr. Montoya was immediately diagnosed with severe respiratory failure and methicillin-resistant stapphylococcus.

33. Mr. Montoya was then airlifted to St. Mary-Corwin Medical Center in Pueblo via Flight for Life. Mr. Montoya was eventually diagnosed with Methicillin-resistant staphylococcus aures bacteremia, cavitary pneumonia, acute respiratory failure, and severe sepsis.

34. Mr. Montoya was treated in the hospital for more than two weeks.

35. Mr. Montoya was told by doctors that he had only a 10% chance to live as a result of the state of his illness. Overcoming incredible odds, Mr. Montoya eventually recovered from the illness, but still suffers from disabilities related to the incident and sickness to this day.

36. The incident caused Mr. Montoya severe pain and suffering, disability, physical impairment, emotional distress, loss of sport, loss of consortium, loss of enjoyment of life, economic injuries including significant medical costs and lost wages, inconvenience and other costs and expenses.

**FIRST CLAIM FOR RELIEF**
*42 U.S.C. § 1983 Eighth & Fourteenth Amendment Violation –*
**Deliberate Indifference to Serious Medical Needs of Huerfano County Jail Inmates**
**(Sheriff Newman, his office and staff including Doe Defendants)**

37. Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in all Paragraphs l through 36 of this Complaint.

38. Prior to May 10, 2010, Defendants Sheriff Newman, the Sheriff's department and his employees, including final decisions-makers regarding medical care

7

at the facility, had information indicating that the jail was being operated in an unhealthy and dangerous condition: the facility was unsanitary, harbored disease, and inmates had gotten sick or were unusually susceptible to sickness because of the health conditions of the jail facility.

39. By March 10, 2011, many prior instances of inmate infections had contributed to a reputation that the facility harbored disease that forced those afflicted to seek treatment once they had been released.

39. After being housed by the jail, Mr. Montoya became ill with the same or similar condition being harbored at the jail facility. Mr. Montoya complained and requested medical care for the illness(es) from which he suffered while in the custody of the jail facility.

40. Despite having direct notice of the health condition of the jail, and the danger to the inmates imprisoned there, including Mr. Montoya, none of the Defendants or Defendants' employees took action to clean the facility, to prevent affliction of the illnesses harbored by the facility, or to properly treat those afflicted at any time before or during the time Mr. Montoya became ill.

41. Defendants' deliberate indifference to the dangerous condition of the facility and its inmates, including Mr. Montoya, deprived those inmates and Mr. Montoya of their Constitutional rights and was the motivating and proximate cause of Mr. Montoya's injuries listed above.

**SECOND CLAIM FOR RELIEF**
*42 U.S.C. § 1983 Eighth & Fourteenth Amendment Violation –*
**Deliberate Indifference to Mr. Montoya's Serious Medical Needs**
**(Sheriff Newman, Larry Garbiso, some Doe Defendants and Dr. Neece)**

42. Plaintiff incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs 1 through 41 of this Complaint.

43. On May 10, 2010, Defendant Sheriff Newman and the Huerfano County Jail took custody of Mr. Montoya. Defendant was responsible for Mr. Montoya's care while in the Sheriff Newman's custody.

44. Mr. Montoya became gravely ill and repeatedly gave notice of his medical condition to jail guards and medical staff who served as gatekeepers of medical care, including Larry Garbiso and Dr. Neece.

45. Mr. Montoya complained and requested medical care to these and other decision-makers verbally and via written kites.

46. Upon information and belief, Dr. Neece or medical staff put notes into a file for Mr. Montoya, which the jail routinely kept for all inmates who had medical conditions, but did not conduct a proper medical examination to discover the source of Mr. Montoya's symtoms.

47. Despite having direct notice of the severe symptoms of Mr. Montoya's medical condition, including repeated complaints of pain and requests for medical aid, neither the jail, medical staff, nor any other employees of the Huerfano County jail provided Mr. Montoya with medical care for an extended period of time.

48. Despite obvious signs that Mr. Montoya was suffering from a potentially serious, life-threatening illness that required urgent and serious medical treatment, Defendants gave Mr. Montoya only an over-the-counter pain medicine such as ibuprofen.

49. Mr. Montoya's medical condition and pain and suffering became more severe because he did not receive proper medical care.

50. Despite the obvious risks of significant injury, the Defendants repeatedly and deliberately ignored Mr. Montoya's complaints and requests for medical care for five to seven days.

51. On information and belief, Sheriff Newman, Dr. Neece, supervisory staff for Sheriff Newman and/or other final policy makers for the Sheriff, made or reviewed the decisions that deprived Mr. Montoya of reasonable medical care, and illustrated deliberate indifference to Mr. Montoya's grave medical condition.

52. Defendants' deliberate indifference to Mr. Montoya's serious medical needs deprived Mr. Montoya of his Constitutional rights and was the motivating and proximate cause of Mr. Montoya's injuries listed above.

**THIRD CLAIM FOR RELIEF**
*Common Law Negligence –*
**Operation of Jail Facility and Negligent Failure to Provide Medical Care**
**(Against Defendants Sheriff Bruce Newman, Defendant employees and Dr. Neece)**

53. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs 1 through 52 of this Complaint.

54. Defendant Bruce Newman, as Sheriff of the Huerfano County jail, has breached his duty of reasonable care due to Mr. Montoya by negligently operating the jail and by theories of *Respondeat Superior*.

55. Defendants Mr. Newman, his employees, and Dr. Neece have failed to

take reasonable precautions to keep the jail facility free of infection, disease, and conditions that contribute unnecessarily to the illness of those confined in the jail.

56. Defendants Mr. Newman, his employees and Dr. Neece breached their duty of care to Mr. Montoya by negligently failing to review, evaluate and treat Mr. Montoya's health condition after he exhibited signs of medical distress and complained of medical problems that required serious medical attention.

57. Defendants Mr. Newman, his employees and Dr. Neece failed to act in accordance with an appropriate standard of care to properly diagnose, treat, and otherwise provide Mr. Montoya's with appropriate medical care.

58. Defendants Mr. Newman, his employees and Dr. Neece breached their duty of care to jail inmates, including Mr. Montoya, by negligently training and supervising their detention and medical staff with regard to disease, symptoms of disease, recognizing signs of the life-threatening-illness(es), both bore and not bore by the facility, and to respond appropriately so that medical care could be provided to inmates who complained of medical problems.

59. Defendants Newman, his employees, and Dr. Neece, had information and personal knowledge regarding the need to cure, correct or address the dangerous conditions of the jail, Mr. Montoya's specific symptoms and the negligence that made injury to Mr. Montoya and other Huerfano County Jail inmates likely. However, these Defendants willfully and wantonly affirmatively acted or refused to act in reckless disregard for the rights and safety of the Huerfano County Jail inmates, including Mr. Montoya.

60. As the direct and proximate result or substantial factor of Defendants actions and omissions to act in accordance with an appropriate standards of care and established Colorado corrections standards, Mr. Montoya became ill with a life-threating illness that was bore or harbored at the jail facility and that illness was unnecessarily aggravated while at the facility.

61. As a further direct and proximate result or substantial factor of Defendants' actions and omissions to act in accordance with the proper standards of care and established Colorado corrections standards, Mr. Montoya has suffered injuries including but not limited to those for illness, pain and suffering, inconvenience, emotional stress and impairment of the quality of life, loss of companionship, medical costs and other damages listed above.

62. As further direct and proximate result or substantial factor of Defendants' negligence as indicated in the paragraphs above, Plaintiffs have suffered loss of enjoyment of life, inconvenience and impairment of the quality of life and will in the future continue to incur these losses which are believed to be long-lasting and/or permanent in nature.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in his favor and against the Defendant for compensatory damages, as referenced above, for punitive damages, costs, expert witness fees, and reasonable attorney fees as allowed by statute or as otherwise allowed by law, and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON
ALL ISSUES SO TRIABLE.**

Respectfully submitted this 6th day of August, 2012.

                                    LONN HEYMANN LAW FIRM, P.C.

                                    *s/ __Raymond K. Bryant_____*
                                    Raymond K. Bryant
                                    Lonn Heymann Law Firm, P.C.
                                    1391 Speer Blvd., Suite 550
                                    Denver, CO 80204
                                    P: 303-825-9100
                                    F: 303-416-4246
                                    Raymond@HeymannLegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of August, 2012, a true and correct copy of the **AMENDED COMPLAINT FOR DAMAGES – JURY TRIAL DEMANDED** was electronically filed via the *Lexis Nexis File and Serve* system and proper addressed to the following:

Ann B. Smith, Esq.
asmith@vaughandemuro.com

Steve Mullin, Esq.
smullen@rmmattys.com

*s/ Raymond K. Bryant*__