IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2362-REB-KLM

RAYMOND MONTOYA,

Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail; LARRY GARBISO;
DOE #1-2, detention officer at Huerfano County Jail;
DOE #1-2, medical staff member at Huerfano County Jail; and
DR. NEECE

Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling/Planning Conference pursuant to Fed.R.Civ.P. 16(b) is scheduled for

October 11, 2012 at 9:30 a.m. in Courtroom C-204, Second Floor, Byron G. Rogers United States

Courthouse, 1929 Stout Street, Denver, Colorado before the Honorable United States Magistrate

Judge Kristen L. Mix. Appearing for the parties are:

Lonn M. Heymann
Raymond K. Bryant
1391 Speer Blvd., Suite 550
Denver, Colorado 80204
Telephone: (303) 825-2223
Facsimile: (303) 825-2224
lonn@heymannlegal.com

raymond@heymannlegal.com

*Attorneys for Plaintiff*


Ann B. Smith
Gordon Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
vnd@vaughandemuro.com (e-mail)


*Attorneys for Defendants Newman and Garbiso*

J. Stephen Mullen
Michael A. Watts
Geoffrey L. Lindquist
Retherford, Mullen & Moore, LLC
2925 Professional Place, Suite 202
P: 719.884.2853
F: 719.884.2845
smullen@rmmattys.com
mwatts@rmmattys.com
glindquist@rmmattys.com
*Attorneys for Defendant Neece*

## 2. STATEMENT OF JURISDICTION

Plaintiff and County Defendant assert jurisdiction is proper pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Supplemental jurisdiction over the negligence claims is proper pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**Dr. Neece**: Dr. Neece reserves the right to challenge Plaintiff's Certificate of Review pursuant to C.R.S. Section 13-20-602. Dr. Neece further contends that Plaintiff fails to state a claim against him under 42 U.S.C. Section 1983 and the U.S. Constitution.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff:**

Plaintiff alleges civil rights and negligence claims for violations of Plaintiff's Eighth and Fourteenth Amendment rights while he was incarcerated in the Huerfano County Jail and deprived of medical attention for a grave illness that almost killed him. In early March 2010, Mr. Montoya was confined in Huerfano County Jail; a facility known to harbor dangerous disease that regularly afflicted inmates. While incarcerated, Mr. Montoya became gravely ill with the disease known to be harbored by the facility. Mr. Montoya complained of pain, appeared pale and at times yellow in complexion, spit up blood, exhibited other symptoms of serious illness, submitted medical requests and verbally pleaded for help. Jail guards, supervisors, medical and other staff members largely ignored Mr. Montoya's requests for medical care – Mr. Montoya was given only ibuprofen. Mr. Montoya suffered from methicillin-resistant staphylococcus, pneumonia, acute respiratory failure, and severe sepsis; yet no one would treat his serious medical condition for about five-to-seven (5-7) days.

Finally, on March 10, 2011, while Mr. Montoya was being transported out of the facility, a transport officer recognized that Mr. Montoya was in dire need of medical help. The transport officer took Mr. Montoya to a hospital for treatment. By that late hour, Mr. Montoya was teetering on the brink of death. Mr. Montoya had to be airlifted to another hospital's ICU, where he was treated for approximately two weeks. Mr. Montoya overcame stark odds and eventually recovered from the illness. However, Mr. Montoya's life was dramatically altered. Mr. Montoya's disabilities from the ordeal prevented him

from working as a mechanic. Mr. Montoya suffered from severe pain and suffering, emotional distress, and medical bills for intensive care that reached approximately $270,000.

Mr. Montoya seeks compensation for the injuries he suffered while the jail staff ignored his pleas for help, including pain and suffering, disabilities, lost-wages, past and future medical care, and other damages and injuries needlessly caused by the City and staff's deliberate failure to take rudimentary medical care of Mr. Montoya while he remained helpless in the custody and care of the Huerfano County jail.

**b. Defendants:**

    1.    Defendants Bruce Newman and Larry Garbiso ("County Defendants")

County Defendants have filed a Motion for Partial Dismissal with respect to certain of Plaintiff's claims, which is not yet fully briefed, and County Defendants adopt the arguments set forth in that Motion for Partial Dismissal, including that Plaintiff has failed to state a claim with respect to his first claim for relief asserted pursuant to 42 U.S.C. § 1983 and that immunity has not been waived for Plaintiff's state law claim as Plaintiff was incarcerated pursuant to a conviction at the time his claims allegedly arose. County Defendants have also filed an Answer

Further, it is County Defendants' position that they did not violate the constitutional rights of Plaintiff in this matter. County Defendants deny that the Huerfano County Jail harbored MRSA, deny that they were aware of problems with MRSA at the jail, and deny that the jail was poorly maintained. County Defendants assert that shortly before Plaintiff's incarceration, the Huerfano County Jail had undertaken extensive efforts to thoroughly clean the jail. County Defendants deny that they were deliberately indifferent to any serious medical need of Plaintiff or that they were negligent with respect to Plaintiff. County Defendants deny that Plaintiff repeatedly requested medical attention and assert that, when he did request such attention, he was seen by a medical professional. County Defendants further deny that Plaintiff sustained any injury as a result of County Defendants' conduct.

County Defendants have asserted the following affirmative defenses:

1.    County Defendants allege that Plaintiff has failed to state a claim or cause of

action against County Defendants upon which relief may be granted.

2. County Defendants allege that the sole proximate cause of the injuries and/or damages alleged were due to the negligence and/or fault of Plaintiff or that his negligence and/or fault contributed to the same. On a comparative basis, the negligence and/or fault of Plaintiff far outweighs that of County Defendants, whose negligence and/or fault is specifically denied.

3. County Defendants allege that Plaintiff's alleged injuries and damages, if any, were proximately caused by the acts of a third party, not a party to this action, over whom County Defendants had no control nor right of control.

4. County Defendants allege that Plaintiff assumed the risk of the injury or damages claimed.

5. County Defendants allege that Plaintiff has failed to mitigate his damages, if any, as required by law.

6. County Defendants allege that Plaintiff's claims for non-economic damages are subject to limitations of C.R.S. § 13-21-102.5.

7. County Defendants allege that Plaintiff's claims for damages are subject to reduction based on compensation from a collateral source pursuant to C.R.S. § 13-21-111.6.

8. County Defendants allege that Plaintiff's claims for punitive or exemplary damages are barred or subject to limitations of C.R.S. § 13-21-102.

9. County Defendants allege that Plaintiff's claims are barred by his failure to give notice as required by the Colorado Governmental Immunity Act, C.R.S. § 24-10-109.

10. County Defendants allege that Plaintiff's claims are barred or otherwise limited by the provisions of C.R.S. § 24-10-101, et seq.

11. County Defendants allege that Plaintiff's claims are barred as, at all times relevant to Plaintiff's Complaint, the Defendants Newman and Garbiso were performing discretionary functions and were otherwise acting in good faith and are, therefore, entitled to official, good faith, and qualified immunity.

12. County Defendants allege that Plaintiff's claims are barred as, at all times relevant to Plaintiff's Complaint, the Defendants Newman and Garbiso did not violate a clearly established statutory or constitutional right of Plaintiff and, as a consequence, Plaintiff's claims against County Defendants are barred by the doctrine of official, good faith, and qualified immunity.

13. County Defendants allege that the inmate policies made a subject of this matter serve a legitimate security and penological objective.

14. County Defendants allege that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e).

15. County Defendants allege that Plaintiff's claims are barred or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) *et seq*.

16. County Defendants allege that Plaintiff's claim for punitive or exemplary damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution; the Due Process clause of the Fourteenth Amendment to the United States Constitution; the Equal Protection clause of the United States Constitution; and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

17. County Defendants allege that Plaintiff's constitutional claims against Defendants are barred as Plaintiff has an available state remedy.

18. County Defendants allege that Plaintiff's claims are subject to reduction under the doctrine of setoff.

19. County Defendants allege that Plaintiff's claims are barred or otherwise limited by the provisions of C.R.S. § 13-80-119.

20. County Defendants allege that Plaintiff's claims are barred as they were not brought within the applicable statute of limitations.

21. County Defendants reserve the right to add or delete affirmative defenses as discovery and the law disclose.


2. Defendant Charles Neece, M.D.

Charles Neece, M.D. is a physician licensed to practice medicine in the State of Colorado. Dr. Neece denies all of Plaintiff's allegations and expressly denies that he violated Plaintiff's constitutional or other rights, denies that he was deliberately indifferent to any serious medical need of Plaintiff, denies that he was negligent with respect to his care and treatment of Plaintiff, and asserts that Plaintiff fails to state a claim against him under the U.S. Constitution

and 42 U.S.C. Section 1983. Dr. Neece acknowledges treating inmates at the Huerfano County Jail ("the jail") when called to do so. Dr. Neece denies that he is an employee or "staff" member of the jail and denies that he has responsibility for maintaining, monitoring, correcting or is in any way responsible for conditions of the jail. It is acknowledged that Dr. Neece was called to treat Plaintiff and did, in fact, treat Plaintiff in a timely manner. Dr. Neece's treatment of Plaintiff was reasonable, appropriate and within the standard of care, and Plaintiff's alleged injuries and damages are not a result of Dr. Neece's acts or omissions.

Dr. Neece was not aware of, and had no reason to be aware of, infection, disease or unsanitary conditions at the jail.

In the Answer to Plaintiff's Amended Complaint, Dr. Neece asserted the following affirmative defenses, which are incorporated here:

1. That Plaintiff's claims, or some of them, may fail to state a claim upon which relief may be granted.

2. That Plaintiff may have failed to follow reasonable medical advice and as such, may have been comparatively negligent or assumed a known risk, and to such extent, Plaintiff's damages, if any, may be barred entirely or subject to reduction.

3. That Plaintiff's damages, if any, are limited by operation of the provisions of C.R.S. §13-21-102.5 and §13-64-302.

4. That Plaintiff may not be the real party in interest with respect to some or all of his claims.

5. That Plaintiff's damages, if any, may be subject to the provisions of the collateral source doctrine, C.R.S. § 13-64-402.

6. That Plaintiff's damages, if any, were caused by the negligent acts of third parties, over whom this Defendant had no responsibility.

7. Although the Defendant expressly denies any wrong-doing in this matter, Plaintiff is hereby notified that the Defendant's judgment liability, if any, is limited to the degree of negligence of fault attributed to the Defendant pursuant to C.R.S. § 13-21-111.5.

8. That Plaintiff's claims may be barred whole, or in part, by the operation of applicable Statutes of Limitation.

9. That Plaintiff is hereby notified that the Defendant reserves the right to designate non-parties pursuant to C.R.S. § 13-21-115(3)(b).

10. That Plaintiff's damages, if any, are subject to the provisions of the Health Care Availability Act, C.R.S. § 13-64-101, et seq.

11. The Plaintiff's damages, if any, may be the result of pre-existing medical conditions.

12. That Plaintiff may have failed to reasonably mitigate his damages.

13. Plaintiff may have failed to state a cognizable claim under the Eight and Fourteenth Amendments.

14. Plaintiff's claims may fail for failure to comply with the Certificate of Review statute, C.R.S. 13-20-602.

15. The Defendant reserves the right to add or withdraw affirmative defenses as additional information and discovery becomes available.

## 4. UNDISPUTED FACTS

**Dr. Neece**: Dr. Neece does not recognize any undisputed facts at this time.

### 5. COMPUTATION OF DAMAGES

(1)     Compensatory damages – to be determined at trial and supplemented as discovery proceeds and experts are retained – for:

   (a)     Physical Injury and disability

   (b)     Pain and suffering

   (c)     Emotional distress

   (d)     Lost wages

   (e)     Past medical care bills believed to be approximately $270,000

   (f)     Future medical care costs

(2)     Punitive damages

(3)     As otherwise articulated in the Complaint and Jury Demand, including costs and attorneys' fees.

County Defendants assert that Plaintiff's computation of damages is insufficient under Fed.R.Civ.P. 26(a)(1)(A)(iii). County Defendants do not claim damages but reserve the right to seek costs and fees that may be recoverable.

Dr. Neece agrees with the County Defendants' position with respect to Plaintiff's computation of damages. Dr. Neece reserves the right to seek fees and costs to the extent permitted by law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Discussions regarding certain of the items to be discussed at the rule 26(f) meeting were held on August 14, 2012. Additionally, a further Rule 26(f) meeting was held via telephone on October 3, 2012.

b. Plaintiff was represented by Raymond Bryant. Defendants were represented by Ann Smith (County Defendants) and Michael Watts (Dr. Neece).

c. The parties believe that there will be no need to alter the requirements for disclosures under Fed. R. Civ. P. 26(a)(1). All parties have exchanged disclosures pursuant to C.R.C.P. 26(a)(1) prior to removal of this matter to Federal Court.

d. As of October 4, 2012 the parties have submitted their Rule 26(a)(1) disclosures with Rule 26(a)(1).

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to reduce discovery and other litigation costs, whenever feasible, including the use of a unified exhibit numbering system if possible. The parties shall adhere to Sedona Principles regarding electronic discovery disputes.

Defendants assert that the provisions of *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007) and related cases controls any *ex parte* meetings between defense counsel and Plaintiff's healthcare providers. Such *ex parte* meetings may serve to reduce discovery and litigation costs. Defense counsel assert that they are allowed to conduct *ex parte* meetings with all healthcare providers – including but not limited to physicians, nurses, and hospital staff - who provided care and treatment to Mr. Montoya during the timeframes underlying his Amended Complaint, pursuant to *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007), after providing prior notice to Plaintiff's counsel of the identity of the individuals with whom

they intend to meet with *ex parte* so that Plaintiff can determine whether the providers Defendants intend to interview hold any residually privileged information.

Plaintiff objects to any *ex parte* meetings with health care providers without a specific substantive discussion on the meeting intended. Plaintiff generally asserts the physician-patient privilege pursuant to C.R.S. 13-90-107(1)(d) and the right to be notified of and present during any meetings Defendants seek with Plaintiff's treating physicians and related staff, pursuant to *Samms v. District Court,* 98 P.2d 520 (Colo. 1995).

    g.    The parties do not anticipate that their claims or defenses will involve the extensive discovery of electronically stored information.

    h.    The parties certify that, as required by Fed.R.Civ.P. 26(f), they have discussed the possibility for a prompt settlement or resolution of the case by alternate dispute resolution. The parties will report the result of any future settlement meetings to the Magistrate Judge within ten (10) days of the meeting.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    The parties will abide by the following limits on depositions and interrogatories: twenty-five (25) interrogatories may be served to each other party and 10 depositions per party, excluding experts. .

    b.    The parties agree to limit the length of depositions to seven (7) hours of actual deposition time, unless a longer deposition is agreed to by the parties or ordered by the Court.

    c.    The parties agree to limit the number of requests for production of documents that

may be served to each other party to twenty-five (25), and requests for admission that may be served to each other party to twenty-five (25). The parties further agree that these requests may be submitted in separate sets within the above-described time frame.

  d. Other Planning or Discovery Orders. All parties agree to send and receive all written discovery in electronic form and agree that all written discovery requests will be in electronic form. The parties are not required to serve hard copies of written discovery on the other side. County Defendants anticipate that a motion or motions for protective order may be filed with respect to certain information, including personnel matters and confidential health information of persons not a party to this suit.

## 9. CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings: November 26, 2012.

  b. Discovery Cut-off: July 12, 2013.

  c. Dispositive Motion Deadline: August 13, 2013.

  d. Expert Witness Disclosure:

   (1) Anticipated fields of expert testimony:

    (a) Plaintiff: An expert in the following fields:

     1. Medical Expert

     2. Jail policies and procedures

    (b) Defendants: An expert in the following fields:

**County Defendants**:

1. Corrections

2. Correctional Healthcare

3. Independent Medical Evaluation, to potentially include pulmonary, neuropsychology, and/or psychology

4. Infectious disease

**Dr. Neece**:

1. Correctional healthcare

2. Infectious disease

3. Independent medical examination, which may require an examination with multiple providers from different specialties

4. Economist

(2) Expert witnesses are limited to 5 per party, excluding rebuttal experts.

(3) The parties shall designate the experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) according to the following schedule:

Plaintiff's affirmative experts: May 12, 2013

Defendants' affirmative and rebuttal experts: June 12, 2013

Plaintiff's rebuttal experts: July 12, 2013

(4) The parties shall designate all contradicting/rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) according to the following schedule:

Plaintiff's affirmative experts: May 12, 2013

Defendants' affirmative and rebuttal experts: June 12, 2013

Plaintiff's rebuttal experts: July 12, 2013

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. **Identification of Persons to Be Deposed:**

The parties have set aside the following dates for depositions:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Plaintiff | TBA | TBA | 7 Hours |
| Defendant Garbiso | TBA | TBA | 7 Hours |
| Defendant Neece | TBA | TBA | 7 Hours |
| Defendant Doe Guards/medical | TBA | TBA | 7 Hours |
| 30(b)(6) | TBA | TBA | ?? Hours |
| Witness Ismun Tucker | TBA | TBA | ?? Hours |
| San Luis Valley Community Corrections Transport Officer | TBA | TBA | ?? Hours |
| Representative of San Luis Valley Regional Medical Center | TBA | TBA | ?? Hours |
| Representative of St. Mary Corwin Hospital | TBA | TBA | ?? Hours |
| Inmate Josiah Costello | TBA | TBA | ? |
| Inmate Lagun Murphy | TBA | TBA | ? |

14

| Inmate Gonzale Gonzalez | TBA | TBA | ? |
| Treating healthcare providers (to be determined as discovery progresses) | TBA | TBA | TBA |

The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

    f.    Interrogatory Schedule: All written Discovery must be served so all responses are due on or before the discovery cut-off date.

    g.    Schedule for Request for Production of Documents and Requests for Admission: All requests for production of documents and requests for admissions must be served so all responses are due on or before the discovery cut-off date.

    h.    Other Discovery Limitations: None at this time.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at _____ o'clock, __.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    There are no other discovery or scheduling issues.

    b.    Plaintiff requests a 10 day jury trial. County Defendants believe that ten days is excessive and that the matter could be tried in five days.

c. Plaintiff does not believe the case, as a whole, can be heard more efficiently or economically if conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. However, counsel for Defendants are located in Colorado Springs, and many witnesses are located in Walsenburg, CO. County Defendants therefore request proceedings to be held at the facility at 212 N. Wahsatch Street in Colorado Springs, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this ___ day of October, 2012.

BY THE COURT:

_____
United States Magistrate Judge
Kristen L. Mix

APPROVED:

*s/ Raymond K. Bryant*
Lonn M. Heymann
Raymond K. Bryant
LONN HEYMANN LAW FIRM, P.C.
1391 Speer Blvd., Suite 550
Denver, Colorado 80204
Telephone: (303) 825-2223
Facsimile: (303) 825-2224
lonn@heymannlegal.com
raymond@heymannlegal.com

*Attorneys for Plaintiff*

Ann B. Smith
Gordon Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
vnd@vaughandemuro.com (e-mail)

*Attorneys for Defendants Newman and Garbiso*

Michael A. Watts
Retherford, Mullen & Moore, LLC
2925 Professional Place, Suite 202
P: 719.884.2853
F: 719.884.2845
[www.rmmattys.com](www.rmmattys.com)

*Attorneys for Defendant Neece*