IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

vs.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail;
LARRY GARBISO;
DOE #1-2, detention officer at Huerfano County Jail;
DOE #1-2, medical staff member at Huerfano County Jail;
and DR. NEECE,

    Defendants.

## PROTECTIVE ORDER

The Court, having received and reviewed the parties' stipulated motion for entry of protective order, and being apprised of the contents of said motion and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**HEREBY ENTERS** the following Protective Order:

    1.    "Confidential Information" means all documents produced from any County personnel files and/or internal affairs investigation files, which includes any document, file, portions of files, photos, transcribed testimony, or response to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom, and also all information relating to Plaintiff's drug use obtained through discovery - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and which implicates common law or statutory

privacy interest, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

2. Confidential Information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by order of the Court.

3. Confidential Information shall not, without the consent of the party producing it or further order of the Court, be disclosed to anyone except:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the litigation of this case;

    (c) the parties, including the parties' employees, officers, and directors actively participating in the litigation of this case;

    (d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

    (g) other persons by written agreement of the parties.

4. The parties agree that prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and further agree that all such persons shall be bound by the terms set forth herein.

5. No documents containing Confidential Information may be reproduced except as necessary in litigation of this action. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL." The inadvertent, unintentional, or *in camera* disclosure of Confidential Information will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the above-referenced designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.

If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to make an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely made, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

8. The termination of this action, including any appeals, shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED this 2nd day of May, 2013.

BY THE COURT:

_____
United States Magistrate Judge

AGREED:

s/ Raymond K. Bryant
Lonn M. Heymann, Esq.
Raymond K. Bryant, Esq.
LONN HEYMANN FIRM, PC
1391 Speer Boulevard, Suite 550
Denver, CO 80204
303-825-9100 (phone)
303-416-4264 (fax)
raymond@heymannlegal.com (email)
ATTORNEYS FOR PLAINTIFF

s/ Ann B. Smith
Gordon L. Vaughan, Esq.
Ann. B. Smith, Esq.
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
719-578-5500 (phone)
719-578-5504 (fax)
vnd@vaughandemuro.com (email)
ATTORNEYS FOR DEFENDANTS
NEWMAN AND GARBISO

s/ Michael A. Watts
J. Stephen Mullen, Esq.
Michael A. Watts, Esq.
RETHERFORD, MULLEN & MOORE, LLC
2925 Professional Place, Suite 202
Colorado Springs, CO 80904
719-884-2844 (phone)
719-884-2845 (fax)
smullen@rmmattys.com (email)
mwatts@rmmattys.com (email)
ATTORNEYS FOR DEFENDANT NEECE