IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail;
LARRY GARBISO;
DOE #1-2, detention officer at Huerfano County Jail;
DOE #1-2, medical staff member at Huerfano County Jail; and
DR. NEECE,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Bruce Newman ("Newman") and Defendant Larry Garbiso's ("Garbiso") **Amended Partial Motion to Dismiss Pursuant to C. R. C. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [Docket No. 17; Filed September 12, 2012] (the "Motion"). On October 3, 2012, Plaintiff filed a Response [#20] to the Motion. On October 17, 2012, Defendants Newman and Garbiso filed a Reply [#26]. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for recommendation [#18]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#17] be **GRANTED IN PART** and **DENIED IN PART**.

## I. Summary of the Case

At the time of the events giving rise to this action, Plaintiff Raymond Montoya was incarcerated at the Huerfano County Jail (the "Jail"). During Plaintiff's incarceration at the Jail, Defendant Newman served as the Sheriff of the Jail, and Defendant Garbiso served as a guard at the Jail.

At some point prior to March 2011, Plaintiff pleaded guilty to a crime for which he was sentenced to four months of supervised probation. *Resp.* [#20] at 7. On or about March 3, 2011, Plaintiff's probation officer alleged that Plaintiff violated the terms of his probation by testing positive for cocaine use. *Id.* Plaintiff asserts that his probation officer arrested him for this violation and held him in the Jail. *Id.* Plaintiff further contends that his probation officer gave notice of his arrest to the original sentencing court and requested that Plaintiff be released from the Jail after seven days. *Id.*

Plaintiff alleges that, during his seven-day incarceration at the Jail, supervisors, guards, and other staff members at the Jail were aware that the Jail was known to harbor disease that created health hazards and endangered the inmates. *Am. Compl.* [#7] ¶¶ 16-20. Plaintiff alleges that the supervisors, guards, and other staff members at the Jail deliberately ignored these dangerous conditions and the consequent adverse medical conditions of the inmates. *Id.* ¶ 20.

While incarcerated at the Jail, Plaintiff asserts that he began exhibiting various signs of severe illness, including urinating dark-colored fluid and coughing up blood. *Id.* ¶ 22. Plaintiff submitted medical requests and verbally requested assistance. *Id.* ¶ 23-24. However, aside from providing Plaintiff with a few ibuprofen, *id.* ¶ 27, Jail staff deliberately ignored the dangerous condition of the Jail and of Plaintiff's illness. *Id.* ¶ 25. Finally, on

March 10, 2011, a transport officer outside the Jail recognized that Plaintiff was in dire need of medical assistance and had Plaintiff airlifted to a nearby hospital. *Id.* ¶ 30-33. At the hospital, Plaintiff was diagnosed with Methicillin-resistant staphylococcus aureus bacteremia, cavitary pneumonia, acute respiratory failure, and severe sepsis. *Id.* ¶ 33. Plaintiff alleges that he was told by doctors that he had only a ten percent chance of survival due to the state of his illness. *Id.* ¶ 35.

In his Amended Complaint [#7], Plaintiff asserts three claims. Two of Plaintiff's claims are for violations of the Eighth and Fourteenth Amendments to the United States Constitution and are brought pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 37-52. In his first claim, Plaintiff asserts that Jail staff exhibited deliberate indifference to the serious medical needs of inmates. *Id.* ¶¶ 37-41. In his second claim, Plaintiff asserts that Jail staff exhibited deliberate indifference to his own serious medical needs. *Id.* ¶¶ 42-52. In his third claim, brought for common law negligence, Plaintiff asserts negligent operation of the Jail and negligent failure to provide medical care. *Id.* ¶¶ 53-62. In their Motion, Defendants Newman and Garbiso seek, pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of Plaintiff's first and third claims. *Motion* [#17] at 2.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

### A. Deliberate Indifference to Serious Medical Needs of Jail Inmates

Plaintiff's first claim is for deliberate indifference to the serious medical needs of Jail inmates, brought pursuant to 42 U.S.C. § 1983. Defendants Newman and Garbiso argue that Plaintiff lacks standing to prosecute such a claim.[1] The Court agrees.

The U.S. Court of Appeals for the Tenth Circuit has stated, "[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissible for failure to allege the plaintiff's standing to proceed." *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) (citing *Foremaster v. City of St. George*, 882 F.2d 1485, 1487 (10th Cir. 1989)). Plaintiff's first claim concerns violations of the constitutional rights of other inmates. However, Plaintiff has made no demonstration of standing to proceed on behalf of other inmates.[2] Accordingly, to the extent that Plaintiff seeks relief for Defendant Newman and Garbiso's deliberate indifference to the serious medical needs of Jail inmates, the Court finds that Plaintiff lacks standing to prosecute such a claim.

Because Plaintiff lacks standing to prosecute his first claim, the Court **recommends** that the Motion be **granted** in regard to Plaintiff's first claim.

### B. Negligent Operation of Jail and Negligent Failure to Provide Medical Care

Plaintiff's third claim is a state law claim for negligent operation of a jail facility and

---

[1] In Defendant Newman and Garbiso's Motion [#17], they further argue that, even if Plaintiff does have standing to prosecute such a claim, Plaintiff's Amended Complaint [#7] does not allege facts sufficient to satisfy pleading standards under *Iqbal* and *Twombly*. Motion [#17] at 6-7. Following Plaintiff's Response [#20], Defendants Newman and Garbiso abandoned this argument. *Reply* [#26] at 9.

[2] Plaintiff has made clear that he does not seek to make this claim a class action. *Resp.* [#20] at 3 n.1. Instead, it is apparent that Plaintiff's references to other inmates serve a purely demonstrative purpose—to allege the widespread and well-known nature of the dangerous conditions at the Jail.

negligent failure to provide medical care. Defendants Newman and Garbiso argue that this claim is barred by the Colorado Governmental Immunity Act ("CGIA"). The Court disagrees.

Under the CGIA, C.R.S. §§ 24-10-101 to -120, an employee of a public entity is immune from all claims that lie in tort or could lie in tort, "except no such immunity may be asserted in an action for injuries resulting from the circumstances specified in [C.R.S. § 24-10-106(1)]." Waiver of sovereign immunity pursuant to C.R.S. § 24-10-106(1) "does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction." C.R.S. § 24-10-106(1.5)(a). However, waiver of sovereign immunity pursuant to C.R.S. § 24-10-106(1) "does apply to claimants who are incarcerated but not yet convicted of the crime for which such claimants are being incarcerated." C.R.S. § 24-10-106(1.5)(b). It is not disputed that Plaintiff's claim falls generally under the circumstances specified in C.R.S. § 24-10-106(1.5). *Resp.* [#20] at 6. Accordingly, the question becomes whether Plaintiff's situation falls within subsection (1.5)(a) or, alternatively, within subsection (1.5)(b).

At the time of the events giving rise to the present action, Plaintiff was incarcerated for allegedly committing a probation violation.[3] However, Plaintiff had not been convicted of the alleged probation violation. Plaintiff was therefore "incarcerated but not yet convicted of the crime for which [he was] being incarcerated." C.R.S. § 24-10-106(1.5)(b); *see United States v. Cordero*, 4 F. App'x 634, 635 n.2 (10th Cir. 2001) (citing *United States v.*

---

[3] C.R.S. § 16-11-205(1) provides to a probation officer independent statutory authority to hold a probationer if the officer has probable cause to believe the probationer committed a crime or violated the terms of his parole.

*Bermudez*, 974 F.2d 12, 13-14 (2d Cir. 1992)). *But see Whiteman v. El Paso Criminal Justice Ctr.*, No. 10-cv-02430-WYD-KLM, 2011 WL 2610202, at *10 (D. Colo. July 1, 2011). Indeed, C.R.S. § 16-11-205(3) provides that "[a]ny probationer so arrested shall have all of the rights afforded by the provisions of this code to persons incarcerated before trial of criminal charges . . . ." Thus, § 16-11-205(3) equates an arrested probationer to a person who is incarcerated before trial. This places Plaintiff squarely within subsection (1.5)(b) of C.R.S. § 24-10-106, and sovereign immunity is not waived. Accordingly, Defendants Newman and Garbiso are not entitled to sovereign immunity under the CGIA.

Plaintiff's third claim is not barred by the CGIA. Because Plaintiff's third claim is not barred by the CGIA, the Court **recommends** that the Motion be **denied** in regard to Plaintiff's third claim.

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#17] be **GRANTED** in regard to Plaintiff's first claim and **DENIED** in regard to Plaintiff's third claim.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th

Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 23, 2013

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge