**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-2362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail;
LARRY GARBISO;
DOE #1-2, detention officer at Huerfano County Jail;
DOE #1-2, medical staff member at Huerfano County Jail; and
DR. NEECE,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Amended Partial Motion to Dismiss Pursuant to C. R. C. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [#17][1] filed September 12, 2012; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#39] filed May 23, 2013. The defendants filed objections [#40 & #41][2] to the recommendation. I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss in part and deny it in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] [#40] and [#41] appear to contain essentially the same material.

recommendation to which the defendants object. I have considered carefully the recommendation, the objections, and the applicable case law.

In the motion to dismiss, the defendants argue that the Colorado Governmental Immunity Act (CGIA) bars the plaintiff's negligence claim against the defendants. According to the defendants, this court does not have jurisdiction over the plaintiff's state law negligence claim because the defendants are entitled to immunity under the CGIA. The plaintiffs seek dismissal of the plaintiff's negligence claim under FED. R. CIV. P. 12(b)(1).

The plaintiff, Raymond Montoya, asserts claims based on events which allegedly took place while he was incarcerated in the Huerfano County Jail. Exhibits cited by the defendants indicate that Mr. Montoya was arrested for a probation violation on March 3, 2011. *Motion To Dismiss* [#1-10], CM/ECF p. 9 (Exhibit A).[3] At the request of the probation officer, and on order of the court, Mr. Montoya was released on March 10, 2011. *Id.*, CM/ECF p. 11 (Exhibit B). Nothing in the record indicates that Mr. Montoya ever appeared before the court concerning the probation violation or that he ever was found by the court to have violated the terms of his probation. The report to the court filed by the probation officer indicates that the probation officer ordered Mr. Montoya's release, in view of Mr. Montoya's agreement to participate in an inpatient residential treatment program. *Exhibit A*. The probation officer indicated in his report that "(n)o further action will be requested with regard to [Mr. Montoya's] arrest at this time."

---

[3] The defendants present a factual challenge to the court's jurisdiction under FED. R. CIV. P. 12(b)(1). In this circumstance, I may consider the exhibits presented by the defendants to resolve disputed jurisdictional facts under Rule 12(b)(1). **Wheeler v. Hurdman**, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied, 484 U.S. 986 (1987).

*Exhibit A.* On March 10, 2011, the court approved the release of Mr. Montoya who was released that same day. *Exhibit B.* Mr. Montoya's claims in this case are based on events that allegedly occurred while he was in the Huerfano County Jail from March 3 to March 10, 2011.

As discussed in the recommendation, a waiver of sovereign immunity under §24-10-106(1), C.R.S., "does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction." §24-10-106(1.5)(a), C.R.S. However, a waiver of sovereign immunity under §24-10-106(1), C.R.S., "does apply to claimants who are incarcerated but not yet convicted of the crime for which such claimants are being incarcerated." §24-10-106(1.5)(b), C.R.S.  The magistrate judge concluded that §24-10-106(1.5)(b), C.R.S. is applicable here because, at the time of the events in question, Mr. Montoya was incarcerated based on an alleged probation violation but had not yet been found by the court to have violated the terms of his probation.

I agree with the analysis and conclusions of the magistrate judge. The record demonstrates that Mr. Montoya was incarcerated in the Huerfano County Jail based on an alleged probation violation. During this incarceration Mr. Montoya was not formally found guilty of a probation violation or otherwise adjudicated to have violated a condition of his probation. This situation is closely analogous to pretrial incarceration while a criminal charge is pending.[4] Ultimately, Mr. Montoya was released from the jail, and no

---

[4] As noted by the magistrate judge, §16-11-205(3), C.R.S.,  provides that a probationer arrested based on a suspected probation violation "shall have all of the rights afforded by the provisions of this code to persons incarcerated before trial of criminal charges . . . ." Section16-11-205(3) equates an arrested probationer to a person who is incarcerated before trial.  Although not controlling in this case, this statute is persuasive when determining the status of an individual incarcerated because of an alleged probation violation.

adjudication was entered concerning the alleged probation violation.  I reject the defendants' contention that Mr. Montoya was incarcerated on his underlying conviction, the conviction for which Mr. Montoya received a sentence to probation.  The evidence in the record indicates that, absent the alleged probation violation, Mr. Montoya would not have been incarcerated during the time period in question.  For the purpose of determining whether §24-10-106(1.5)(a) or (b), C.R.S., is applicable, the status of the alleged probation violation is the relevant consideration.

The magistrate judge recommends also that the plaintiff's first claim for relief be dismissed under FED. R. CIV. P. 12(b)(6).  The plaintiff did not file objections to this part of the recommendation.   Thus, I review this part of the recommendation for plain error only.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in this part of the recommendation, I find and conclude that this part of the recommendation should be approved and adopted as an order of this court.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#39] filed May 23, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the **Amended Partial Motion to Dismiss Pursuant to C. R. C. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [#17] filed September 12, 2012, is **GRANTED IN PART**;

3.  That under FED. R. CIV. P. 12(b)(6), the plaintiff's First Claim for Relief as alleged in his complaint [#7] is **DISMISSED**; and

4.  That otherwise, the **Amended Partial Motion to Dismiss Pursuant to C. R.**

**C. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [#17] filed September 12, 2012, is **DENIED**.

Dated September 11, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge