IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail,
LARRY GARBISO,
DOE #1, 2 - detention center officer at Huerfano County Jail,
DOE #1-2, medical staff member at Huerfano County Jail, and
CHARLES NEECE, M.D.,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Strike Exhibits to Plaintiff's Proposed Findings of Facts and Conclusions of Law Regarding Defendant's Spoliation of Evidence** [#114][1] (the "Motion"). Plaintiff filed a **Response in Opposition to Defendants' Motion to Strike Spoliation Exhibits** [#116] and an **Amended Response in Opposition to Defendants' Motion to Strike Spoliation Exhibits** [#118] (the "Response"). Defendants filed a **Reply in Support of Motion to Strike Exhibits to Plaintiff's Proposed Findings of Fact and Conclusions of Law** [#119] (the "Reply"). The Court has reviewed the entire case file and the applicable law

---

[1] "[#114]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#114] is **granted in part** and **denied in part.**

## I.  Procedural Background

This case involves Plaintiff's allegations that he contracted "a grave illness that almost killed him" as a result of his incarceration at the Huerfano County Jail, "a facility known to harbor dangerous disease [sic] that regularly afflicted inmates." *Scheduling Order* [#25] at 3.  During the course of discovery, Plaintiff alleged that Defendant Bruce Newman, Sheriff of Huerfano County, shredded documents relevant to the litigation in an attempt to avoid disclosure of damaging evidence.  The Court set an evidentiary hearing regarding Plaintiff''s oral motion for spoliation sanctions (the "Spoliation Motion") and ordered the parties to "fully confer in advance of the hearing, including regarding whether testimony will be presented and, if so, by whom and on what subject(s)."  The Court further set a deadline for submission of documents the parties sought to have considered in conjunction with the Spoliation Motion.  *Courtroom Minutes/Minute Order* [#86] at 2.

The Court conducted a hearing on the Spoliation Motion on May 13, 2014 [#87] and June 3, 2014 [#102].  Certain exhibits were admitted into evidence on the latter date.  *See generally Courtroom Minutes/Minute Order* [#102].  At the conclusion of the second day of hearing, the Court ordered counsel to submit proposed Findings of Fact and Conclusions of Law by a specified date.  *Id.* at 4.

The Motion at issue here concerns Plaintiff's Proposed Findings of Fact and Conclusions of Law [#113], which according to Defendants contains "ten exhibits that had not been submitted prior to either of the [hearing dates] and were, for the most part, not

discussed or referenced during the hearing." *Motion* [#114] at 2. Defendants specifically identify the allegedly offending exhibits as an unsworn declaration by Bob Desleski [#113-1], an unsworn declaration by Michael Montez [#113-5], an unsworn declaration by Laqun Murphy [#113-6], a letter dated March 2, 2001 [#113-2], an incident report by Jennifer Bumgarner [#113-4], selected medical records and notes [#113-7], a pamphlet on MRSA [#113-8], correspondence between counsel [#113-9] and a time line prepared by Plaintiff's counsel [#113-10]. *Motion* [#114] at 3-4. Although Defendants do not specifically identify it, they also ask the Court to strike Plaintiff's Exhibit 26 [#113-3], a letter from the Las Animas-Huerfano Counties District Health Department to Huerfano County Commissioners and Defendant Newman dated March 30, 2009. *Id.* at 3 ("County Defendants respectfully request that the Court strike the exhibits to Plaintiff's Proposed Findings of Fact and Conclusions of Law Regarding Spoliation of Evidence (Docs. 113-1 through 113-10) from the record. . . ."). In the alternative, Defendants request that they be permitted to conduct unspecified "additional discovery and supplement the record." *Id.* at 4. Defendants argue that the declarations are made by witnesses who did not testify at the hearing and hence were unavailable for cross-examination. They further argue that they did not have an opportunity to address the other documents during the hearing. *Id.* at 2. In their Reply, they reiterate their position that they "should have been provided an opportunity to cross-examine Mr. Desleski and/or determine whether evidence existed that might rebut his testimony." *Reply* [#119] at 4. In other words, although they neglect to say it, Defendants assert that Plaintiff's post-hearing submission of witness statements and exhibits was unfairly prejudicial.

Plaintiff asserts that "Defendants have long known that most of the supplemental

exhibits submitted along with Doc 113 were part of the record of the case." *Response* [#116] at 1. In addition, Plaintiff asserts that Defendants "offered new witnesses and evidence during the hearing, which raised otherwise irrelevant issues that Plaintiff was forced to rebut after the hearing." *Id.* at 1-2. He asserts that he "had no choice but to offer rebuttal evidence after the hearing to ensure that Defendants' suggestions about evidence underlying the substantive claims in the case were not given the benefit-of-the-doubt [sic]." *Id.* at 3. Plaintiff complains that Defendants could have deposed the witnesses earlier but failed to do so. *Id.* Plaintiff contends that Defendants have thwarted his efforts to obtain discovery relating to their spoliation and that as a result his counsel has had to "creatively seek out information about the destruction through alternative means that were, at times, only available after Plaintiff knew how Defendant Newman was going to change his story regarding the 'possibilities' of the document destruction." *Id.* at 4 n.1. Plaintiff asserts that "Defendants offered new witnesses, new evidence, and new arguments at the hearing for which Plaintiff could not possibly have been ready." *Id.* at 6. He concludes that "the only piece of evidence which Defendants could reasonably argue they should have an opportunity to rebut is testimony given by Bob Desleski in his declaration," but adds that "the Court has sufficient information to find that spoliation occurred and that with or without the additional declarations, Defendant Newman should be sanctioned with a default judgment." *Id.* at 6, 8.

## II. Analysis

Plaintiff's arguments about supplementing the record with evidence not presented at the hearings can be summed up as follows: Defendants knew about most of the evidence and furthermore invited Plaintiff to raise it by addressing irrelevant issues at the

hearing and by thwarting Plaintiff's efforts to obtain relevant evidence; they deserve it because they failed in their own discovery responsibilities; they are only slightly prejudiced by it; and none of it is necessary to the Court's decision on spoliation. These arguments are unpersuasive.

First, the extent to which Defendants "knew" about the alleged offending evidence is disputed. Plaintiff offers only a conclusory allegation that "Defendants have long known that most of the supplemental exhibits submitted along with Doc 113 were part of the record of the case." *Response* [#118] at 2. Plaintiff makes no attempt to show *when* and *how* the information contained in the allegedly offending exhibits was obtained by or disclosed to Defendants, or *where* it exists in the "record of the case." Instead, Plaintiff suggests that Defendant "could have inquired about and/or disclosed Mr. Desleski (and probably other relevant witnesses) to the Court, interviewed witnesses earlier, and/or obtained records involving the possible shredding service dates before the hearing because Defendants knew of and had access to this information much more readily than Plaintiff." *Id.* at 4. Thus, Plaintiff's argument is not that Defendants *actually knew* about the additional information, but that they *could have known.* That, I'm afraid, is not enough. Submission of undisclosed evidence after closure of an evidentiary hearing is inappropriate and may be prejudicial. *Cf. Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (explaining that when a court is asked to reopen or extend discovery, one of the factors it should consider is the prejudice to the non-moving party); *Woodworker's Supply, Inv. v. Principal Mut. Life Ins., Co.*, 170 F.3d 9885, 993 (1999) (holding that when a court is determining whether a party's failure to make disclosures under Rule 26(a) is substantially justified or harmless, one of the factors to consider is the prejudice to the opposing party); *Johnson*

5

*v. Sch. Dist. No. 1 in Cnty. of Denver and Colo.*, No. 12-cv-02950-MSK-MEH, 2014 WL 4462999, at *3 (D. Colo. Sept. 10, 2014) (noting that supplemental disclosure of 10 new witnesses on the last day of discovery was prejudicial, and justified reopening discovery); *Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 2933189, at *2 (D. Colo. June 30, 2014) (finding that even though the defendant knew of the existence of certain individuals, the plaintiff's late identification of those individuals as witnesses was prejudicial to the defendant). Moreover, Plaintiff points to no case law supporting his position that a party is precluded from addressing evidence offered for the first time after an evidentiary hearing because that party *could have* obtained the evidence prior to the hearing, and the Court is aware of none.

Second, if the issues raised by Defendants at the hearing were "irrelevant," or if the Court had enough evidence already to decide the spoliation issue, Plaintiff should not have felt it necessary to supplement his proposed Findings of Fact and Conclusions of Law with the additional evidence. Moreover, if Plaintiff's argument is correct, he should concede that the Court can strike the exhibits because they pertain to irrelevant issues and are unnecessary.

Third, the conferral and disclosure procedure developed by the Court for the hearing was designed to avoid the ambushing of any party by presentation of surprise evidence. Plaintiff made no complaints about being ambushed by Defendants prior to submitting his supplemental evidence. His attempt to submit such evidence at the eleventh-hour violates the Court's Order, dilutes the value of the evidentiary hearings, and smacks of unfairness.

Fourth, Plaintiff essentially concedes that Mr. Desleski's declaration is new and

prejudicial. In that circumstance, attempts must be made to cure the prejudice. *Courtroom Minutes/Minute Order* [#86] at 2 ("Copies of documents the parties want the Court to consider should be emailed to chambers and opposing counsel **no later than May 12, 2014 at noon.**") (emphasis in original); Fed. R. Civ. P. 16(f)(1)(C) (authorizing the Court to "issue any just orders" if a party fails to obey a pretrial order, including, but not limited to, the sanctions discussed in Fed. R. Civ. P. 37b)(2)(A)(ii)-(vii); Fed. R. Civ. P. 37(b)(2)(A); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980) (discussing the Court's "'well-acknowledged' inherent power . . . to levy sanctions in response to abusive litigation practices.") (citation omitted).

And fifth, although it hardly bears mentioning, two discovery wrongs don't make a right. The fact that Defendants allegedly thwarted Plaintiff's attempts to obtain evidence regarding spoliation does not justify Plaintiff's post-hearing attempt to supplement the record with evidence which was admittedly not raised during the hearing.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part,** as follows: The request to strike the exhibits is **denied.** The request for additional discovery is **granted** and is limited to no more than five (5) two-hour depositions of witnesses to be selected by Defendants and conducted at Defendants' expense. Defendants' counsel shall follow Fed. R. Civ. P. 30 and 45 in noticing and conducting the depositions. Plaintiff's counsel shall cooperate in providing available dates and times for the depositions. The depositions shall be completed **on or before February 6, 2015.** Either party may submit amended proposed Findings of Fact and Conclusions of Law *relating solely to the information generated from the depositions* **on or before February**

**20, 2015. No extensions of time will be permitted absent extraordinary circumstances.**

Dated: December 15, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge