IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail,
LARRY GARBISO,
DOE #1, 2 - detention center officer at Huerfano County Jail,
DOE #1-2, medical staff member at Huerfano County Jail, and
CHARLES NEECE, M.D.,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **County Defendants' Motion to Strike** [#125][1] (the "Motion"), filed by Defendants Bruce Newman and Larry Garbiso (the "Moving Defendants").[2] The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#125] is **granted in** part **and denied in part.**

### I. Procedural Background

This case involves Plaintiff's allegations that he contracted "a grave illness that

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Plaintiff's deadline to file a response has not elapsed. However, the Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).

almost killed him" as a result of his incarceration at the Huerfano County Jail, "a facility known to harbor dangerous disease [sic] that regularly afflicted inmates." *Scheduling Order* [#25] at 3.  During the course of discovery, Plaintiff alleged that Defendant Bruce Newman, Sheriff of Huerfano County, shredded documents relevant to the litigation in an attempt to avoid disclosure of damaging evidence.  The Court set an evidentiary hearing regarding Plaintiff''s oral motion for spoliation sanctions (the "Spoliation Motion") and ordered the parties to "fully confer in advance of the hearing, including regarding whether testimony will be presented and, if so, by whom and on what subject(s)."  The Court further set a deadline for submission of documents the parties sought to have considered in conjunction with the Spoliation Motion.  *Courtroom Minutes/Minute Order* [#86] at 2.

The Court conducted a hearing on the Spoliation Motion on May 13, 2014 [#87] and June 3, 2014 [#102].  Certain exhibits were admitted into evidence on the latter date.  *See generally Courtroom Minutes/Minute Order* [#102].  At the conclusion of the second day of hearing, the Court ordered counsel to submit proposed Findings of Fact and Conclusions of Law by a specified date.  *Id*. at 4.  The parties filed their proposed Findings of Fact and Conclusions of Law [##112, 113].  On July 7, 2014, the Moving Defendants filed a motion asking the Court to strike the exhibits to Plaintiff's proposed Findings of Fact and Conclusions of Law [#114].  That motion was granted in part and denied in part by the Court on December 15, 2014.  *See generally Order* [#121] (the "December Order").  In the Court's December Order, the Court concluded:

> IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part,** as follows:  The request to strike the exhibits is **denied.**  The request for additional discovery is **granted** and is limited to no more than five (5) two-hour depositions of witnesses to be selected by Defendants and conducted at Defendants' expense.  Defendants' counsel shall follow Fed. R. Civ. P. 30

> and 45 in noticing and conducting the depositions. Plaintiff's counsel shall cooperate in providing available dates and times for the depositions. The depositions shall be completed **on or before February 6, 2015.** Either party may submit amended proposed Findings of Fact and Conclusions of Law *relating solely to the information generated from the depositions* **on or before February 20, 2015. No extensions of time will be permitted absent extraordinary circumstances.**

*December Order* [#121] at 7-8 (emphasis in original).

In compliance with the December Order, the Moving Defendants filed their Amended Proposed Findings of Fact and Conclusions of Law [#123] and Plaintiff filed his Supplement to Proposed Findings of Fact and Conclusions of Law Regarding Defendant's Spoliation of Evidence [#124] ("Plaintiff's Supplement"). The instant Motion asks the Court to strike Plaintiff's Supplement because "Plaintiff provided new and, in some cases, previously undisclosed exhibits with" Plaintiff's Supplement. *Motion* [#125] at 2. Specifically, the Moving Defendants ask the Court to strike Exhibit 36(a) [#124-3], Exhibit 36(b) [#124-4], Exhibit 36(c) [#124-5], and Exhibit 37 [#124-6] because they "are additional documents obtained from Mobile Records Shredders and a supplemental discovery response by County Defendants." *Id.*

## II. Analysis

As noted above, the December Order allowed the parties to amend their proposed findings of fact and conclusions of law "relating solely to the information generated from the depositions." *December Order* [#121] at 7-8. Plaintiff's Supplement states that "the owner of Mobile Record Shredders, Kellie O'Brien, was present during the deposition" of Robert Dyleski. *Plaintiff's Supplement* [#124] at 5. Plaintiff further states that Ms. O'Brien "confirmed for all counsel that the summary" of trips made by Mobile Record Shredders

shown to Mr. Dyleski at his deposition "was a complete record of any and all trips that the company had made to Walsenberg, at any time during the summer of 2011." *Id.* at 5. As a result, Plaintiff attaches an affidavit signed by Ms. O'Brien [#124-3, identified by Plaintiff as Exhibit 36(a)] to Plaintiff's Supplement that attaches two documents: a summary of all trips made by Mobile Record Shredders to Walsenberg and surrounding areas for the period May 2, 2011 through August 31, 2011 [#124-4, identified by Plaintiff as Exhibit 36(b)] and a summary of all trips made by Mobile Record Shredders during the period May 2, 2011 through September 1, 2011 [#124-5, identified by Plaintiff as Exhibit 36(c)]. The last document challenged by the Moving Defendants is the County Defendants' and Defendant Newman's Fourth Supplemental Answers and Responses to Plaintiff's First; Second; Second [Third]; and Fourth Sets of Interrogatories and Requests for the Production of Documents and Fourth Set of Requests for the Production of Documents Defendants [sic] [#124-6, identified by Plaintiff as Exhibit 37], which states that it was produced "pursuant to the Court's January 2, 2014, Minute Order (Doc. 65)." *See Exhibit 37* [#124-6] at 1.

Therefore, the dispute between the parties regarding these documents is whether each of these documents relates "solely to the information generated from the depositions" as discussed in the Court's December Order. *December Order* [#121] at 7-8. While the Court did not anticipate that a non-deponent would attend any of the depositions and provide factual information relating to that deponent's testimony, it appears that is what happened at Mr. Dyleski's deposition. For example, during the deposition Mr. Dyleski was asked about an exhibit and he responded that he thought the document was produced by

4

Ms. O'Brien.  *See Exhibit 35*[3] [#124-2] at 39:10-17.  Further, in response to Mr. Dylseki's testimony that Ms. O'Brien was the person knowledgeable about Mobile Record Shredders' routes and the related documents, Plaintiff's counsel offered Defendants the opportunity to depose Ms. O'Brien prior to the deadline set in the Court's December Order.  *Id.* at 46:15-25.  Neither party has presented evidence that Ms. O' Brien was deposed and Exhibits 36(a), 36(b), and 36(c), appear to be Plaintiff's way of addressing information conveyed to the parties during Mr. Dylseki's deposition that was not on the record and was not otherwise recorded at any other deposition taken during the period allowed by the Court in the December Order.  Notably, the Moving Defendants do not refute Plaintiff's assertions that Ms. O'Brien is the owner of Mobile Record Shredders, Ms. O'Brien was present during My. Dyleski's deposition, and Ms. O'Brien "confirmed for all counsel" the completeness of the trips summary.  Accordingly, the Court concludes that Exhibits 36(a), 36(b), and 36(c) relate "solely to the information generated from the depositions" held as ordered in the Court's December Order.  *December Order* [#121] at 7-8.  Therefore, the Motion is **denied** to the extent is asks the Court to strike these exhibits.

Exhibit 37, on the other hand, was produced in response to a ruling by the Court during a January 2, 2014 telephonic discovery hearing.  *See Exhibit 37* [#124-6] at 1.  In addition, the document at issue was verified on September 5, 2014.  *Id.* at 4.  Accordingly, this document does not relate "solely to the information generated from the depositions" held after the Court entered the December Order.  *December Order* [#121] at 7-8.  Therefore, the Motion is **granted** to the extent it asks the Court to strike Exhibit 37 [#124-6].

---

[3] Defendants do not move to strike Mr. Dyleski's deposition transcript.  *See Motion* [#125] at 2 n.1.

### III. Conclusion

For the reasons discussed above,

IT IS HEREBY **ORDERED** that the Motion [#125] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that Plaintiff's Exhibit 37 [#124-6] is **STRICKEN** from Plaintiff's Supplement and will not be considered by the Court when ruling on the Spoliation Motion.

Dated: March 4, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge