**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02362-REB-KLM

RAYMOND MONTOYA,

      Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail,
LARRY GARBISO,
DOE #1, 2 - detention center officer at Huerfano County Jail,
DOE #1-2, medical staff member at Huerfano County Jail, and
CHARLES NEECE, M.D.,

      Defendants.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

      This matter is before me on **Defendant Neece's Motion for Summary Judgment** [#78][1] filed March 31, 2014.  The plaintiff filed a response [#94], and the defendant filed a reply [#106].  I deny the motion.

## I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental).

## II.  STANDARD OF REVIEW

      Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(a);

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 514 U.S. 1004 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id*. at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Id*. at 1517.

### III.  BACKGROUND

This case concerns medical care provided to the plaintiff, Raymond Montoya, while he was incarcerated in the Huerfano County Jail.  Mr. Montoya was in the jail from March 3 to 10, 2011.  Mr. Montoya became ill while he was in the jail and his symptoms became progressively worse.  After about five days of worsening symptoms, Mr. Montoya asked jail staff for medical treatment.  On March 9, 2011, at about 6:20 p.m., defendant Dr. Charles D. Neece, D.O., came to the jail to examine Mr. Montoya.

According to Mr. Montoya, he told Dr. Neece that he was suffering from stomach ache, headache, vomiting, difficulty keeping food down, excessive sweating, pain, coughing up blood, dark-colored urination or blood in his urine, difficulty breathing, and inability to sleep.  The only medical equipment available to Dr. Neece was equipment he

2

brought with him, which equipment consisted of a blood pressure cuff, a thermometer, and a stethoscope.  Mr. Montoya says Dr. Neece told him to take Tylenol and cough drops which the jailers gave him a short time later.  Dr. Neece says he diagnosed Mr. Montoya with bronchitis for which he prescribed an antibiotic.  However, as was routine for prescribed medication in the Huerfano County Jail, the antibiotic was not available until the following day.

The next day, March 10, 2011, at about 1:15 p.m., Mr. Montoya was released from jail on the charges pending against him.  He was transported to the San Luis Valley Regional Medical Center emergency room.  In the emergency room, he was intubated, placed on a ventilator, and admitted to the intensive care unit.  He was diagnosed with pneumonia, MRSA, necrotic sepsis, and respiratory failure.  He was hospitalized for three weeks.

At the time of these events, Dr. Neece was not an employee of the Huerfano County Jail or the sheriff's office.  Dr. Neece has been providing care to inmates in the Huerfano County jail since 1987.  When a jail inmate needs medical care, jail employees call Dr. Neece who then visits the jail to provide the care.  Dr. Neece routinely visits the jail a couple of times per month to provide care.  He is compensated based on the number of inmates he visits.  He receives about $65 per inmate visit.  No other doctor is employed by the jail to provide medical care in this manner or in any other manner.

In his complaint [#7], Mr. Montoya asserts two claims against Dr. Neece.  First, he alleges that Dr. Neece was negligent when he provided inadequate care to Mr. Montoya on March 11, 2011.  The negligence claim is not at issue in the motion for summary judgment.  Second, he alleges that Dr. Neece violated the rights of Mr.

3

Montoya under the Cruel and Unusual Punishment Clause of the Eighth Amendment, which is applicable to state and local governments under the Due Process Clause of the Fourteenth Amendment.  Mr. Montoya asserts his Eighth Amendment claim under 42 U.S.C. § 1983.

### IV.  ANALYSIS

In his motion, Dr. Neece raises two defenses.  First, he contends that the undisputed facts in the record show that he was not a state actor when he treated Mr. Montoya.  A non-state actor cannot be liable on a claim under § 1983.  Second, Dr. Neece asserts that the undisputed facts in the record do not support an Eighth Amendment claim, which requires evidence sufficient to support a finding of deliberate indifference to a serious medical need.

*West v. Atkins*, 487 U.S. 42 (1988) remains the seminal authority on the question of when a doctor treating a jail or prison inmate acts under color of state law for purposes of § 1983.  In *West*, a private physician, Samuel Atkins, M.D., provided orthopedic services to inmates in the North Carolina prison system.  He was paid to operate two clinics each week at Central Prison Hospital, with additional payments for surgery.  *Id*. at 44.  Dr. Atkins was not an employee of the prison but provided services on a contract basis.  The plaintiff, Quincy West, alleged that Dr. Atkins had violated the Eighth Amendment rights of Mr. West by failing to provide surgery for a torn Achilles tendon.  Dr. Atkins claimed he was not acting under color of state law for the purpose of a § 1983 claim.

The *West* Court noted the long-standing rule that a plaintiff asserting a § 1983 claim must show that the alleged deprivation was committed by a person acting under color of state law.  *Id*. at 48.  The Court noted that public employees generally act under

4

color of state law while acting in their official capacities or exercising responsibilities pursuant to state law. *Id*. at 50.  Noting that Dr. Atkins was not a full-time employee of the state and was not required to work exclusively for the prison, the Court found those facts to be of no consequence.  "It is the physician's function while working for the State, not the amount of time he spends in performance of those duties or the fact that he may be employed by others to perform similar duties, that determines whether he is acting under color of state law." *Id*. at 56.  The court found North Carolina employs physicians and defers to their professional judgment in order to fulfill its obligation to provide medical care to prison inmates.  Hired to provide medical care to prison inmates in this context, the Court concluded, "Doctor Atkins is authorized and obligated to treat prison inmates" and he "does so clothed with the authority of state law." *Id*. at 55 (internal quotation and citation omitted).  Further, the Court noted, "(d)efendants are not removed from the purview of § 1983 simply because they are professionals acting in accordance with professional discretion and judgment." *Id*. at 52.

Ultimately, the *West* Court held that Dr. Atkins, "as a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury.  Such conduct is fairly attributable to the State."  Although there are some factual differences between Dr. Atkins and Dr. Neece, none of those differences is of any consequence in determining whether Dr. Neece was acting under color of state law when he treated Mr. Montoya.  Dr. Neece provided medical care to Mr. Montoya, an inmate in the jail, at the request of officials of the Huerfano County Jail under a long standing arrangement in which Dr. Neece routinely received payment for his medical services to jail inmates.  Viewing the undisputed facts in the record in the light most

favorable to Mr. Montoya, I find and conclude that Dr. Neece was acting under color of state law when he provided treatment to Mr. Montoya on March 9, 2011.

Dr. Neece contends also that the evidence in the record is not sufficient to support a finding that he acted with deliberate indifference to a serious medical need of Mr. Montoya.  Having reviewed the summary judgment motion, response, and reply and having considered the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine disputes of material fact that are not appropriate for summary resolution concerning the Eighth Amendment claim of Mr. Montoya against Dr. Neece.

### V.  CONCLUSION & ORDER

Viewing the undisputed facts in the record in the light most favorable to the plaintiff, I find and conclude that Dr. Neece was acting under color of state law when he provided treatment to Mr. Montoya on March 9, 2011, and that there remain genuine disputes of material fact that are not appropriate for summary resolution concerning the Eighth Amendment claim of Mr. Montoya against Dr. Neece.

**THEREFORE, IT IS ORDERED** that **Defendant Neece's Motion for Summary Judgment** [#78] filed March 31, 2014, is **DENIED**.

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge