**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail,
LARRY GARBISO,
DOE #1, 2 - detention center officer at Huerfano County Jail,
DOE #1-2, medical staff member at Huerfano County Jail, and
CHARLES NEECE, M.D.,

    Defendants.

**ORDER DENYING MOTION TO CONTINUE TRIAL**

**Blackburn, J.**

This matter is before the court on the **Motion To Vacate and Reset Trial Date** [#149][1] filed by defendants, Bruce Newman and Larry Garbiso, on June 23, 2015. The plaintiff filed a response [#150].[2] I deny the motion.

**I. STANDARD OF REVIEW**

The United States Court of Appeals for the Tenth Circuit has enunciated four primary factors that should be considered to determine if a continuance of trial is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d

---

[1] "[#149]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because time is of the essence and because the issues raised by and inherent to the motion are briefed adequately, I exercise my discretion under D.C.COLO.LCivR 7.1(d) to rule without the benefit of a reply by the movants.

1221, 1230 (10th Cir. 1999) (citing **U.S. v. West**, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).  Those quadripartite factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).

## II.  BACKGROUND

This case is set for a ten day jury trial beginning July 27, 2015.  Gordon Vaughn, Esq., counsel for defendants, Bruce Newman and Larry Garbiso, reports in the motion that he recently injured his knee and was diagnosed with a 90 percent complete quadriceps tendon tear.  On June 19, 2015, counsel underwent surgery to reattach the tendon.  Following surgery, counsel reports, the standard treatment for the affected knee and leg is immobillization.  Counsel expects immobilization of his knee and leg in a long leg brace for about six weeks following surgery.  During this time, counsel will be "very limited in ambulation" and "sitting will be encumbered by the need to maintain a straight leg."  *Motion* [#149], p. 2.  In addition to these limitations, cousel reports that he expects to begin physical therapy within one week folliwng surgery, with gradual increase in therapy.  Physical therapy is expected to accelerate and continue for several weeks after the brace is removed.  Physical therapy will take place in Colorado Springs, counsel reports.  In short, Mr. Vaughn says he "is unable to participate adequately in the preparation for or attendantce at the scheduled trial of this matter due to his impaired physical status and the need to be in Colorado Springs for ongoing treatment."  *Motion*

2

[#149], p. 3.

Since the inception of this case, Ann Smith has acted as co-counsel to Mr. Vaughn on behalf of Mr. Newman and Mr. Garbiso. Ms. Smith is part of the law firm of Mr. Vaughn. Mr. Vaughn reports, however, that he was hired as primary counsel for Mr. Newman and Mr. Garbiso and is responsible for all major trial decisions.

In his response [#150] to the motion, the plaintiff notes that the six week period during which Mr. Vaughn anticipates wearing a leg brace will end on or about July 31, 2015. The trial of this case is set to begin on July 27, and this case will be tried Monday through Thursday during each week of trial. No trial proceedings are scheduled on Fridays. Thus, if trial proceeds as scheduled, Mr. Vaughn may need to wear a leg brace during the first four days of trial.

The plaintiff notes also that this case is more than three years old. For various reasons, four earlier trial settings were vacated and continued. The current trial date is the fifth trial date set in this case. Given this history of continuances, substantial trial preparations already are in place. For example, witness lists, exhibit lists, objections to exhibits, jury instructions, verdict forms, and a proposed pre-trial order all were prepared in anticipation of the most recent previous trial setting, which trial was set to begin April 6, 2015. The plaintiff notes also that he has several witnesses who are prepared to testify during a trial beginning July 27, including physicians and other experts. A continuance would necessitate a renewed effort to schedule and coordinate these witnesses. The plaintiff argues that the risk that witnesses will lose memory of the relevant events and the risk that the plaintiff will lose contact with relevant witnesses will be enhanced if the trial of this case is continued for a fifth time. The primary events relevant to the claims of the plaintiff took place in March 2011.

## II.  ANALYSIS

Addressing the four relevant factors, I find and conclude as follows.  First, there is little if any indication that the parties and counsel have not been diligent in preparing this case for trial.  The fact that Mr. Vaughn may be in a leg brace for the first few days of trial and his need for continued physical therapy, as described in the motion, are not circumstances which are likely to prevent Mr. Vaughn and his co-counsel from continuing their diligence.  This court often makes courtroom accommodations for physical impairments of litigants and lawyers.  Nothing in the motion indicates that the physical therapy required by Mr. Vaughn cannot be had in Denver during the course of the trial and/or cannot be coordinated around the four day trial weeks currently scheduled in this case.  Undoubtedly, Mr. Vaughn faces some difficulties as a result of his injury and surgery.  As described in the motion, however, those difficulties do not make continued and reasonably diligent trial preparation, and presentation of a defense at trial, unduly difficult.  Thus, the first factor weighs against a continuance.

Second, as compared to going to trial as scheduled, a continuance, if granted, likely would serve the purpose expressed in the motion.  The purpose primary purpose asserted by Mr. Vaughn is to make it somewhat easier for Mr. Vaughn to deal with his leg brace and obtain physical therapy.  Mr. Vaughn does not assert that he will be unable to work for six months or that his injury or treatment have caused him any sort of mental impairment.  However, given the circumstances described in the motion, there is no indication that Mr. Vaughn cannot participate in four days of trial while wearing a leg brace and cannot obtain the physical therapy he needs in coordination with a trial of this case.  The second factor weighs in favor of a continuance – but only slightly.

Third, a continuance would cause substantial inconvenience to the plaintiff.  The

4

plaintiff has scheduled and coordinated witnesses for a trial set to begin in four weeks. A continuance would require the plaintiff to repeat these efforts beginning anew. As a result of four previous continuances, the plaintiff has, to some extent, engaged in repeated trial preparations. A fifth continuance would increase the expenditure of concomitant resources – time and money. In addition, over four years have passed since the key events on which the claims of the plaintiff are based. Loss of witness memory of these key events already is a risk, which would be exacerbated by yet another continuance.

A continuance also would work significant prejudice on the court. As noted, this case is more than three years old. In addition, rescheduling a ten day trial for a fifth time presents significant difficulty, and likely significant delay, given the rather crowded calendar of the court. I take judicial notice of my calendar. The first unencumbered ten day period of time available on my calendar does not occur until the week of August 8, 2016 – over a year away. A trial setting before then will inconvenience other parties, attorneys, and witnesses whose cases will be continued to facilitate a delayed trial in this case.

If I grant the continuance, then I would have a ten day working-day hiatus in my docket, which because of the relatively short notice, is not likely to be useable by worthy litigants who are prepared to proceed in their own matters. Thus, this third factor weighs heavily against a continuance.

Fourth, the need asserted for the continuance is considered as part of the first factor, above. As part of the fourth factor, I must consider also the harm Mr. Vaughn and his clients, Bruce Newman and Larry Garbiso, would suffer if I deny a continuance. As noted by Mr. Vaughn in his motion, Mr. Vaughn has more than 30 years of

experience defending government entities against claims of constitutional violations arising from jail and prison conditions. This case is just such a case. Nothing in the motion demonstrates how or why wearing a leg brace during the first few days of a ten day trial would impair significantly the ability of Mr. Vaughn to present a vigorous defense on behalf of Mr. Newman and Mr. Garbiso. Nothing in the motion demonstrates how or why coordinating physical therapy with a Monday through Thursday trial schedule would impair significantly the ability of Mr. Vaughn to present a vigorous defense on behalf of Mr. Newman and Mr. Garbiso. This is particularly true in light of the "very able and extensive work provided by attorney Ann Smith," who has acted as co-counsel for Mr. Vaughn from the inception of this case. *Motion* [#149], p. 3.

No doubt, denial of a continuance will cause some inconvenience to Mr. Vaughn. However, nothing in the record indicates the this inconvenience will impair significantly the ability of Mr. Vaughn to present a vigorous defense on behalf of his clients. Thus, there is no indication that denial of a continuance is likely to cause significant prejudice – let alone irreparable prejudice – to Mr. Newman or Mr. Garbiso. Thus, the fourth factor weighs against a continuance.

### III. CONCLUSION & ORDER

The second relevant factor weighs in favor of a continuance, but only slightly. The other three factors weigh against a continuance. On balance, the relevant factors weigh heavily against a continuance of the trial. Thus, the motion to continue must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Vacate and Reset Trial Date** [#149] filed June 23, 2015, is denied; and

2. That to accommodate Mr. Vaughn, he may participate in the combined Final Pretrial Conference and Trial Preparation Conference by telephone.

Dated June 29, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge