**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02362-REB-KLM

RAYMOND MONTOYA,

    Plaintiff,

v.

BRUCE NEWMAN, in his official capacity as the Sheriff of Huerfano County Jail,
LARRY GARBISO, and
CHARLES NEECE, M.D.,

    Defendants.

## ORDER QUASHING SUBPOENA

**Blackburn, J.**

The matter before me is the **Motion to Quash the Subpoena for Trial Testimony of Dr. Harvey McClung** [#192][1] filed July 22, 2015.  The subpoena at issue requires the presence of the movant, Dr. Harvey McClung, in this court next Monday, July 27, 2015.  Given the press of time and the nature and basis of the motion, I exercise my discretion under D.C.COLO.LCivR 7.1(d) to rule on the motion without a response.

Dr. McClung was timely served with a subpoena for trial testimony under Fed. R. Civ. P. 6 and 45 and D.C.COLO.LCivR. 45.1. However, Dr. McClung resides in Pueblo, Colorado, more than 100 miles from this court.  Contrary to the limitation of Fed. R. Civ. P. 45 (3)(A)(ii), the subpoena requires Dr. McClung to testify in a trial more than 100

---

[1] "[#192]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

miles from his residence. For this reason alone, the subpoena must be quashed. In addition, requiring Dr. McClung to appear on July 27, 2015, when he was previously scheduled and planned to be in Texas to assist a family member in distress, works an undue burden on him. Fed. R. Civ. P. 45 (3)(A)(iv). Further, I note that the first day of trial in this case, July 27, 2015, will be largely consumed by jury selection and opening statements. There are many witnesses on the witness list of the plaintiff. To the extent there is time for witness testimony next Monday, the plaintiff has many witnesses other than Dr. McClung whose testimony can be presented on July 27 and in the early days of the trial.

In the motion, Dr. McClung represents that he has offered to testify on Monday, August 3, 2015. Such an offer constitutes an eminently reasonable accommodation of the competing needs and interests of the plaintiff and Dr. McClung. Thus, the court remains ready to exercise its discretion under Fed. R. Evid. 611(a)(1) to permit Dr. McClung to testify in person at a time convenient for him, the parties, and the court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Quash the Subpoena for Trial Testimony of Dr. Harvey McClung** [#192] filed July 22, 2015, is granted; and

2. That under Fed. R. Civ. P. 45, the subpoena for trial testimony served on Dr. Harvey McClung requiring him to appear to testify in the trial of this case on Monday, July 27, 2015, is quashed.

Dated July 24, 2015, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge